PETE ALEMAN V. STATE

No. 31,288. January 13, 1960
Motion for Rehearing Overruled March 9, 1960

*William Lawrence Scarborough,* Corpus Christi, for appellant.

*Richard E. Rudeloff,* County Attorney, Beeville, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is aggravated assault upon an officer; the punishment, six months in jail.

The statement of facts approved by the trial judge recites that the parties had failed to agree on a statement of facts and certifies that the following is a correct statement of all the facts.

An interpreter was appointed and accepted by appellant, and through such interpreter the court informed appellant of the nature of the accusation against him and the range of punishment that might be imposed, of his right to a trial by jury, and his right to be tried separately from the three other defendants who were charged with the same offense growing out of the same transaction. Appellant waived a jury, entered a plea of guilty, but requested that he be tried separately.

Officer Vara of the Beeville police, in company with Navy Shore Patrolman Birchfield, while on duty, went to a dance hall at approximately midnight on the night in question and observed a fight between two women, invited the participants outside, and after discussing the cause of their trouble released them. While they were talking to the women, a crowd assembled, and one Soliz incited the crowd into attacking the officer. Soliz was placed under arrest, and, as the officers were attempting to leave, appellant grabbed Soliz in an attempt to free him and struck at officer Vara. In the melee, Soliz escaped.

Birchfield's testimony corroborated that of Vara. Appellant, testifying in his own behalf and after being warned that he did not have to do so, stated that he knew officer Vara was a policeman and admitted that he attempted to interfere with Vara's arrest of Soliz and stated that Vara's testimony was true.

In his motion for new trial, appellant alleges that a material witness John Doe had been prevented from attending court

because appellant did not know how to secure his attendance and had no attorney, and that he was not admonished by the trial court of the consequences of a plea of guilty. The motion was overruled.

Within the time provided by law, appellant filed with the clerk his bill of exception in which he greatly expanded the grounds set forth in his motion, but the trial court denied and disapproved the bill, and notified counsel for appellant of such action.

Appellant took no further action, and thereafter the court filed his own bill of exception which recites that at the hearing on the motion for new trial no newly discovered evidence was adduced and that which was introduced in behalf of appellant was repetitious of that heard on the original submission of the case.

We have no alternative but to consider the court's bill of exception only, which fails to reflect error.

Finding no reversible error, the judgment is affirmed.