## JOHN WILLIE v. STATE

No. 31,614. March 16, 1960

Motion for Rehearing Overruled April 20, 1960

*Jack C. Morgan,* Kaufman, and *Jess Rickman,* Terrell, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the sale of whisky in a dry area with a prior conviction alleged for enhancement; the punishment, 18 months in jail and a fine of $500.

Proof was offered that Kaufman County was a dry area; and also of the prior conviction alleged and that the appellant was the same person so convicted.

The testimony of the state shows that on May 9, 1959, Joe R. House, an inspector for the Texas Liquor Control Board, purchased one-half pint of whisky for $2.50 from the appellant in Kaufman County which he marked for identification purposes; and while House was testifying as a witness he identified the marks on the half-pint bottle as those he placed thereon immediately after its purchase from the appellant.

The appellant did not testify or offer any evidence in his behalf.

Appellant contends that the court erred in refusing to quash the information because it does not allege venue in Kaufman County, Texas.

The information alleges that appellant sold whisky in Kaufman County a dry area and it follows the form set out in section 2350 of Willson's Texas Criminal Forms, Sixth Edition.

By formal bill of exception appellant insists that the court erred in refusing to quash the jury panel because upon the call of the docket the court asked if the state was ready in Cause No. 8003, The State of Texas v. John Willie, and the state's attorney announced to the court that it had four cases against John Willie and would be ready in No. 8011 subject to the witness being present.

The bill shows that the announcement was made in open court and could have been heard by any person listening within a reasonable distance. However, the bill does not show that any member of the jury panel who was present when this occurred served on the jury that tried this case or that any inquiry was made relative thereto on the voir dire examination of the jury. Therefore no error is shown.

The refusal of the court to charge that Joe R. House, the purchaser of the whiskey, was an accomplice is not error. The fact that a person purchases whisky from one who sells it in violation of law does not constitute such person an accomplice. 2 Branch (2ed.), 34, sec. 732. Also a conviction for sale of whiskey may be had upon the uncorroborated testimony of an accomplice. Art. 666-23a(8).

The record shows that this case was tried and the judgment entered on August 17, 1959, which was after the effective date of the recent amendment of Art. 760d, V.A.C.C.P.

By formal bill of exception the appellant complains of the argument of the state's attorney to the jury.

The court qualified the bill and the appellant refused to accept such qualification which is shown by his exception thereto over the judge's signature. No bystanders bill presenting this complaint is shown in the record, therefore, under Art. 760d, supra, the complaint is not presented for review. Wortham v. State, No. 31,529, (page 164, this volume) 333 S.W. 2d 158.

The other contentions presented have been considered and they do not reveal error.

The evidence is sufficient to sustain the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.