## EUGENE ENGLISH V. STATE

No. 31,766. March 23, 1960
Motion for Rehearing Overruled June 8, 1960
Second Motion for Rehearing Overruled October 12, 1960

*Charles W. Tessmer,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Frank Watts, Thomas B. Thorpe, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, 10 years.

It is undisputed that appellant shot and killed the deceased. Appellant's plea of self defense was rejected by the jury, and we find the evidence sufficient to support their verdct. The question of the competency of the witness Lue Bertha Russell appears to have been waived when she was permitted to testify with no objection as to competency. Parris v. State, 320 S.W. 2d 853.

Appellant's complaint as to argument cannot be appraised because not properly before us in a bill of exception. Appellant submitted his bill to the trial court on December 8, 1959; he qualified the same, and appellant excepted to such qualifications but did nothing further. We have recently in two cases (Wortham v. State, No. 31,529, 169 Tex. Cr. Rep. 164, 333 S.W. 2d 158 and Willie v. State, No. 31,614, 169 Tex. Cr. Rep. 393, 334 S.W. 2d 159, had before us for consideration the recent amend-

ment of Article 760d, V.A.C.C.P. In the amendment no provision is made for a trial judge to file his own bill of exception in a case, and no necessity exists for such a bill. The amendment as written clearly provides that if dissatisfied with the court's reasons for not approving his bills of exception, the defendant must resort to bystanders' bills or he will have none.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

Appellant insists that we should appraise his complaint to jury argument by considering his bill of exception which, as qualified, was adopted by the court and filed in the cause as the court's bill of exception. In support of his contention apellant relies upon Aleman v. State, 169 Tex. Cr. Rep. 129, 332 S.W. 2d 317 where we did consider a court's bill of exception which was filed in the cause after the recent amendment of Art. 760d, V.A.C.C.P. The Aleman case is not here controlling because in that case notice of appeal was given prior to the effective date of the amendment of Art. 760d, supra, and the filing and approval of the bill of exception was governed by the law as it existed before the amendment. Peterson v. State, 169 Tex. Cr. R. 185, 333 S.W. 2d 154. Notice of appeal is the instant case was given after the effective date of the amendment of Art. 760d, supra, and the filing and approval of the bill of exception is governed by the provisions of Art. 760d, supra, as presently amended.

Under the statute, Art. 760d, supra, as presently amended, the court's bill of exception cannot be considered. Wortham v. State, 169 Tex. Cr. Rep. 164, 333 S.W. 2d 158 and Willie v. State, 169 Tex. Cr. Rep. 393, 334 S.W. 2d 159.

The motion for rehearing is overruled.

Opinion approved by the Court.