Dan W. KNOEPPEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 37080.

Court of Criminal Appeals of Texas.

Oct. 7, 1964.

John L. Burke, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., James H. Miller, Sam Paternostro, A. D. Jim Bowie and C. M. Turlington, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The conviction is for robbery with firearms; the punishment, twenty years.

The state's evidence shows that on the day in question a man who was identified by state's witnesses as the appellant entered the office of the Household Finance Company on Commerce Street in the city of Dallas, around 4 o'clock, p.m., and made application for a loan. While the application was being processed, appellant produced a gun and ordered the company manager, R. J. Trampush, to open the cash drawer. In compliance with the order and at the point of the gun, Trampush opened the drawer. Appellant then proceeded to take therefrom $139.00 in currency, and fled from the place.

Testifying as a witness in his own behalf, appellant denied having committed the robbery and swore that he was not in the finance company office on the day in question. He further testified that at the time of the robbery he was at a Zales' Jewelry store at another address in the city, having a ring removed from his finger. Witnesses were called by him to support his alibi testimony.

In support of his defense of insanity, appellant called certain witnesses, including his father and mother, who testified that in their opinion he was of unsound mind. Dr. Robert Glenn, a psychiatrist, was also called, and testified that he had given appellant a psychiatric examination and that in his opinion appellant was suffering from simple schizophrenia and did not know the difference between right and wrong.

The state, in rebuttal, called as a witness, Dr. John Holbrook, a psychiatrist, who testified that he had examined appellant and that he had a personality disorder of the schizoid type but was legally sane and knew right from wrong.

The court submitted appellant's defense of alibi and insanity to the jury. By their verdict the jury rejected the defenses, and we find the evidence sufficient to sustain their verdict.

By formal bill of exception, appellant complains that the court erred in refusing to permit him to open and close the jury argument on the issue of insanity. It is appellant's contention that he had the right to open and close the argument on such issue, under the provisions of Sec. 7 of Art. 932b, Vernon's Ann.C.C.P., enacted by the legislature in 1957, Acts 1957, 55th Legislature, p. 1413, Ch. 486.

Sec. 7 of the article reads in part, as follows:

"Trial on Issue of Insanity

"Sec. 7. In a trial under this Chapter, the counsel for the defense has the right to open and conclude the argument on the issue of insanity. * * *"

We do not think that it was the intention of the legislature that this section of the statute should be applicable to a trial upon the main charge, where insanity is interposed as a defense. The statute, as enacted, relates not only to insanity when interposed as a defense but when interposed as a bar to prosecution or as a bar to proceedings after conviction and the issues are tried separately from the main charge. When the issue of insanity is tried, *alone*, before the main charge, or after conviction, the provisions of Sec. 7, giving the defendant the right to open and conclude the argument would apply. However, when the issue of insanity is tried in connection with the main charge, as was done in the instant case, it is but one of the issues to be passed on by the jury and Art. 648 would control the order of argument, which provides:

"The order of argument may be regulated by the presiding judge; but the

State's counsel shall have the right to make the concluding address to the jury."

In denying appellant's request to open and close the argument on the issue of insanity, the court did not err.

Complaint is made to certain testimony given by Dr. Holbrook while testifying as an expert witness for the state on the issue of appellant's insanity.

 In connection with his testimony that appellant was suffering from a schizoid personality disorder, Dr. Holbrook testified that as a psychologist on the staff of the Texas Prison System he had performed tests upon the prisoners and found that 60% of the prison population had a character or personality disorder but that they were sane and knew the difference between right and wrong and the nature and quality of their acts.

Appellant objected to the testimony on the ground that it was immaterial, irrelevant, and prejudicial as to what percent of the prisoners knew the difference between right and wrong.

Dr. Holbrook was testifying as an expert witness, and we perceive no reversible error in his testimony.

Complaint is made to a certain hypothetical question propounded to Dr. Holbrook, upon which he was asked to state whether such a person as described therein was suffering from simple schizophrenic psychosis. The question as propounded was based upon the evidence, including the details of the robbery, as shown by the state's testimony. To the question propounded, Dr. Holbrook answered that such a person described was not suffering from simple schizophrenic psychosis. Appellant made two objections to the question propounded, the first being an objection to stating the details of the robbery unless the doctor needed to know anything other than that a robbery occurred, and, second, that the question was incomplete because it did not include the matter of alibi.

We perceive no error in permitting the question to be answered. A hypothetical case propounded to the alienist or expert need not embrace all the evidence or the theory of the opposite party. 31 Tex.Jur.2d 459, Sec. 42; Duke v. State, 61 Tex.Cr.R. 441, 134 S.W. 705. Furthermore, at the time the question was propounded, Dr. Holbrook was not asked if he needed to know the details of the robbery, and later, upon his cross-examination by appellant's counsel, when apprised of the alibi testimony, he stated that such would not change the opinion he had expressed.

Other contentions urged by appellant have been considered and are overruled.

Appellant's complaint to the court's charge is not properly before us in the absence of an exception to the court's action in denying his requested charge. Smith v. State, 166 Tex.Cr.R. 294, 313 S.W.2d 291.

The judgment is affirmed.