Charlie James **WILLIAMS**, Ruby Faye Duson, and Lewis Draper, Appellants,

v.

The **STATE** of Texas, Appellee.

No. 39190.

Court of Criminal Appeals of Texas.

Feb. 16, 1966.

**932**

Thomas W. Gamblin, Post, for appellants.

George H. Hansard, Dist. Atty., Lamesa, Preston Poole, County Atty., Post, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The appellants, Charlie James Williams, Ruby Faye Duson, Lewis Draper, and a codefendant, Ada Mae Howard, were jointly charged by indictment, in separate counts, with the offenses of shoplifting and felony theft. The second count of the indictment charged the theft of two men's suits of over the value of $50 from one Jim Hundley.

Upon a joint trial of all four defendants, the appellants were convicted of felony theft, as charged in the second count of the indictment, and each was assessed punishment of five years in the penitentiary.

At the trial, the appellants Williams and Draper entered pleas of not guilty to the indictment, and the appellant Ruby Faye Duson entered a plea of guilty.

It was shown by the state's testimony that on the day in question the four defendants named in the indictment came into the Hundley's Men's Wear Store in the city of Post, between 3:30 and 4:00 o'clock, p. m. The two women, who were wearing full pleated skirts, went to the side of the store where the men's suits were kept. One of the men, Lewis Draper, went to the other side of the store and looked at some Bermuda shorts, while the other man looked at some boots. While in the store the two women were seen "squatting" down on the floor in front of the rack of men's suits.

After some ten or fifteen minutes the four left without making any purchase. On the same afternoon the four defendants came into two other stores in the city of Post and appeared to be customers but did not purchase anything. While they were in Martin's Department Store, the women were on the ladies' side of the store and after they left, some women's shoes were found to be missing. While in a Piggly Wiggly store all four of the defendants were at a drug counter, and the next day some deodorant and sanitary sprays were discovered missing.

It was further shown that on the same afternoon patrolman Gene Carpenter observed the four defendants consuming alcohol while seated in an automobile in "the Flats" in the city of Slaton. When he went to their automobile he observed some clothes lying loose on the back seat. The officer directed appellants to drive to the police station and followed in his patrol car. When they arrived at the police station some cosmetics were found in the defendants' automobile which were identified as items missing from the Piggly Wiggly store in Post. The two women were taken into the judge's office to be searched, and when they got up to go into the room a Hundley's Men's Wear label fell to the floor. Officer Carpenter picked up the label and laid it on the counter near where the two male defendants were standing. The label disappeared and was never seen again. It was shown that the two women were twice searched by the police matron and nothing was found on their persons. But between the time of the first and second search two pair of shoes which were missing from Martin's Department Store in Post were found under two benches in the judge's office in which the two women had been sitting. Two men's suits were also found under the two benches, one of the suits bearing a Hundley's Men's Wear label similar to the label which had fallen to the floor and could not be found.

It was shown that the two suits were taken from the owner, Jim Hundley, without

his permission and consent and that they had a market value in excess of $50. It was further shown that the two suits were not under the benches in the judge's office before the two women were taken there to be searched.

The appellants Williams and Draper did not testify, but the appellant Ruby Faye Duson did take the witness stand and testify.

In her testimony, Ruby Faye admitted that she did take the two men's suits from the Hundley's men's store but stated that the other defendants did not know that she took them. She denied that there was any conspiracy between her and her codefendants to steal the merchandise and she also denied that they went into any other stores in Post on the afternoon in question.

In support of her application for a suspended sentence, the witness (Duson) swore that she had never been convicted of a felony.

The court in his charge instructed the jury to find the appellant Ruby Faye Duson guilty under her plea of guilty and submitted the issue of guilt of the two appellants Williams and Draper upon a charge on the law of principals and circumstantial evidence.

We first overrule the contention that the evidence is insufficient to support the judgment of conviction as against the appellants Williams and Draper.

Recently, in Converse v. State, Tex.Cr. App., 386 S.W.2d 283, similar evidence presented against an accused was held sufficient to sustain his conviction as a principal in the theft of certain property.

Nor did the court err in permitting the state to show that on the day in question the appellants went into other stores in Post and took property therefrom. An issue as to whether the parties were acting together as principals was raised by the evidence. The court admitted the evidence for the purpose of showing identity, system, and intent. In Converse v. State, supra, similar proof was held to be relevant and admissible even though it tended to prove the commission of other offenses.

Complaint is made by bill of exception #3 to certain jury argument of state's counsel. The bill of exception was approved by the court, with certain qualifications. Appellants excepted to the court's qualification of the bill but filed no bystander's bill.

Under the record, nothing is presented for review. Wortham v. State, 169 Tex.Cr.R. 164, 333 S.W.2d 158; English v. State, 170 Tex.Cr.R. 56, 338 S.W.2d 446.

The purported bill of exception, #4, to the court's action in qualifying appellants' bill of exception #3 presents nothing for review.

The judgments are affirmed.

Opinion approved by the Court.