**Richard MOATS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39642.**

Court of Criminal Appeals of Texas.

May 18, 1966.

See also Tex.Cr.App., 402 S.W.2d 923.

Marcial A. Knapp, Angleton, for appellant.

Tom Kenyon, Dist. Atty., Wallace N. Shaw and Ogden Bass, Asst. Dist. Attys., Angleton, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is sodomy; the punishment, three years.

The prosecuting witness, a boy sixteen years of age, testified that on the occasion in question he had run away from home and spent three nights with the appellant in a trailer, in Freeport. On the first night, which was on Saturday, the two looked at pictures of girls "that were not fully clothed." On the second night, after they had gone to bed, the appellant, with consent of the prosecuting witness, committed an oral act of sodomy upon him. The next night the same thing happened.

Following his arrest, appellant made and signed a written confession to chief of police N. H. Lassiter, which statement was introduced in evidence as state's exhibit #1.

Prior to admitting the exhibit in evidence, a hearing was held by the court, in the absence of the jury, with reference to the execution and voluntary nature of the confession. In the hearing, chief Lassiter testified that appellant freely and voluntarily made the confession after having been duly warned and that no request was made by appellant to consult with counsel.

Appellant testified that he was told and led to believe that things would go "easier with him" if he gave the statement. This was denied by chief Lassiter.

At the conclusion of the hearing, the court made an independent finding, duly entered of record, that appellant freely and voluntarily made and signed the written confession after having been duly warned. The court further found that appellant

expressly waived the right to counsel when informed by officer Lassiter that he was entitled to counsel.

In the confession, appellant related, in effect, that on the night in question, when the prosecuting witness was spending the night with him, he committed the oral act of sodomy.

Appellant did not testify.

 The evidence is sufficient to support the judgment of conviction.

Appellant's sole claim of error, on appeal, is that his court-appointed counsel was not allowed ten days to prepare for trial, as provided by Art. 494, Vernon's Ann. C.C.P., which was in force at the time of trial.

He attempts to first present such contention by a purported formal bill of exception, #1. The bill, as presented to the trial judge, alleged that the court erred in overruling appellant's first application for a continuance because his court-appointed counsel had not been allowed ten days to prepare for trial and that he was not prepared to go to trial on the date set. The bill of exception was approved by the trial judge, with certain qualifications. In the qualifications to the bill, the court certifies that counsel was appointed more than ten days prior to the date of trial. Appellant excepted to the court's qualifications to the bill but filed no bystanders bills.

We are unable to agree that the court's action on the bill was tantamount "to no action at all," as in Moore v. State, Tex.Cr.App., 380 S.W.2d 626.

Under the record, nothing is presented for review by the bill. Wortham v. State, 169 Tex.Cr.R. 164, 333 S.W.2d 158; English v. State, 170 Tex.Cr.R. 56, 338 S.W.2d 446; Williams v. State, Tex. Cr.App., 398 S.W.2d 931.

It is next insisted that if the formal bill cannot be considered, the alleged error is presented as an informal bill of exception, under Art. 760e, V.A.C.C.P., by appellant's motion for continuance filed in the cause, together with the court's order thereon showing his exception to the court's ruling.

The motion for continuance was not sworn to by appellant, as required by Art. 545, V.A.C.C.P., and hence was properly denied. McGowen v. State, 163 Tex.Cr. R. 587, 290 S.W.2d 521.

The judgment is affirmed.

Opinion approved by the court.