Leon SPENCER, Appellant,

v.

Dr. George J. BETO, Director, Texas
Department of Corrections,
Appellee.

No. 25548.

United States Court of Appeals
Fifth Circuit.

July 18, 1968.

Rehearing En Banc Denied
Aug. 12, 1968.

Michael D. Matheny, Beaumont, Tex.,
Jack Greenberg, New York City, An-
thony G. Amsterdam, Philadelphia, Pa.,
for appellant.

Howard M. Fender, Asst. Atty. Gen.,
Austin, Tex., Crawford C. Martin, Atty.
Gen. of Texas, Nola White, First Asst.
Atty. Gen., A. J. Carubbi, Jr., Executive
Asst., R. L. Lattimore, Asst. Atty. Gen.,
W. C. Lindsey, Criminal Dist. Atty.,
Jefferson County, Austin, Tex., of coun-
sel, for respondent.

Before THORNBERRY, AINS-
WORTH and DYER, Circuit Judges.

DYER, Circuit Judge:

Appellant, represented by court-ap-
pointed counsel, was convicted in August,
1964, of murder with malice for killing
his second wife. He was sentenced to
death under the Texas recidivist pro-

cedure.[1] His conviction was affirmed by the Texas Court of Criminal Appeals, Spencer v. State of Texas, 1965, 389 S.W.2d 304, and by the Supreme Court of the United States, Spencer v. State of Texas, 1967, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606. Appellant was resentenced to death in September 1967 by the trial court, sentence to be carried out November 20, 1967. Counsel immediately filed a petition for a writ of habeas corpus with that court, alleging most of the claimed Constitutional infirmities presented to us as grounds for appellant's release. The petition was denied, without a hearing, on October 6, 1967. On October 19 the Court of Criminal Appeals denied appellant's application for a writ of habeas corpus. Court-appointed counsel, who had continued to represent appellant, then filed a petition in the United States District Court. Hearings were held on November 14 and 16, after which the District Court denied the petition. A stay of execution and certificate of probable cause were granted by this Court on November 16.

■ Before this Court, appellant urges that the District Court committed reversible error by allegedly denying appellant an evidentiary hearing for which his attorney had argued long and hard and at which experts would have testified to the psychological and sociological impact of capital punishment in modern America. However, the record reveals that when it was established that no evidentiary hearing had been held in the state courts, the District Court made it clear that a hearing was necessary. To conserve time and expense the District Court suggested that it would accept counsels' stipulation as to what the witnesses would say if called to testify in person. Appellant's counsel immediately accepted this suggestion and urged that such a procedure be followed. The case

was continued to allow appellant's counsel to assemble all evidence he wished to present to the court by stipulation or otherwise. When the court later reconvened to receive the evidence, appellant's counsel answered that he was not prepared to proceed on a full evidentiary hearing, but offered a stipulation (which was accepted over the objection and without the signature of counsel for the state) setting forth the names of witnesses and the testimony they would give if called. Appellant's counsel also offered a witness to testify. The District Court, at that time, made it crystal clear that it was adhering to the order (to which counsel had previously agreed) that this was a full evidentiary hearing. To now say that the District Court "erred in not affording petitioner the chance for a full evidentiary hearing on the substantive contentions urged" is simply a distortion of the record which we will not accept.

■ Subsequent to the filing of briefs and oral argument in this case the Supreme Court of the United States decided the case of Witherspoon v. State of Illinois, 1968, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776. In furtherance of the expeditious disposition of the case *sub judice* we will proceed to determine the applicability of that decision to appellant's sentence. At the time of appellant's trial Texas law provided that a juror could be challenged for cause by the state if "the juror has conscientious scruples in regard to the infliction of the punishment of death for crime."[2] This statute is interpreted by the Texas courts to give a challenge for cause when "the venireman has conscientious scruples *against* the fliction of the death penalty" E.g., Crain v. State of Texas, Tex.Ct.Crim.App.1964, 394 S.W.2d 165, 171. (Emphasis added.) There is no provision in Texas law for

---

1. Appellant had previously been convicted of murder with malice for killing his first wife.

2 Tex.Code Crim.P.Ann., Arts. 616, 692, 673 (1941). The substance of this pro-

vision has been brought forward as Vernon's Ann.Tex.Code Crim.P., Art. 35.16 (b) (1).

challenging for cause if a venireman has scruples *in favor of* the death penalty. It was stipulated before the District Court that in this case there was a sufficient number of veniremen with scruples against capital punishment that, had the state not been able to challenge them for cause, it would not have had a sufficient number of peremptory challenges to remove all scrupled jurors from the panel. These same facts are contained in the habeas corpus petition to the Texas state courts which was properly before the District Court. Therefore, the Supreme Court's holding in *Witherspoon* "that a sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction," Witherspoon v. State of Illinois, supra, 88 S.Ct. at 1777, is equally applicable to this case. The sentence of death cannot stand.[3]

The other substantive constitutional issues argued on behalf of appellant are, in light of our holding appellant's sentence invalid, without merit. The arguments that absence of standards under which the jury determined that the death penalty should be imposed violates due process, that simultaneous submission of the issues of guilt and punishment violated appellant's rights under the Fifth and Fourteenth Amendments, that capital punishment constitutes cruel and unusual punishment both *per se* and in the manner in which it is determined, and that due process is violated by the introduction, in single trial proceedings, of former convictions for the purpose of enhancing the punishment under the state's recidivist procedure, are all moot. These contentions have no relation to the question of this appellant's guilt or innocence, but would have a bearing only upon his death sentence, which we have just held invalid.[4] Appellant has also urged that the Constitution guarantees him the right to counsel during the period from appeal to execution of sentence, and that this right has been infringed. This argument is frivolous for several reasons. First, appellant has no standing to complain because he has *never* been without counsel. Second, this issue concerns the death sentence rather than the question of guilt or innocence and is therefore moot. Finally, appellant has failed to present this question to the state courts.

The denial of the petition for a writ of habeas corpus is reversed as to the sentence of death, subject to the right of the state to resentence appellant within a reasonable time and to retain custody of appellant during that time, and is remanded to the District Court for further proceedings not inconsistent herewith.

---

3. The stipulation entered into below indicates that these veniremen may have had very strong scruples against the death penalty. However, the nature of their scruples does not rise to the situation discussed in *Witherspoon* where the veniremen are opposed to capital punishment "that they would *automatically* vote against the imposition of capital punishment *without regard to any evidence that might be developed at the trial of the case before them*, [Emphasis added.] or * * * that their attitude toward the death penalty would prevent them from making an impartial decision as to the defendant's *guilt*." Witherspoon v. State of Illinois, 1968, 391 U.S. 510, n. 21, 88 S.Ct. 1777. Neither does the stipula-tion, or any other evidence, show that "this jury was biased with respect to the petitioner's guilt." Witherspoon v. State of Illinois, supra, 88 S.Ct. at 1775.

4. Appellant's argument on introduction of prior convictions was presented to both state and federal courts on direct appeal and was consistently resolved against him. Spencer v. State of Texas, 1967, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606; Spencer v. State of Texas, Tex.Ct.Crim.App. 1965, 389 S.W.2d 304. Appellant's contention that the death penalty itself violates the Eighth Amendment has not been accepted by the Supreme Court. See Witherspoon v. State of Illinois, 1968, 391 U.S. 510, 88 S.Ct. 1770 (Mr. Justice White dissenting).

*On Petition for Rehearing en Banc*

**PER CURIAM:**

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing en Banc is denied.