**Jo:n Lemuel HART, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43462.**

Court of Criminal Appeals of Texas.

Feb. 24, 1971.

Florentino Ramirez, Jr., Vincent W. Perini, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for driving while intoxicated; the jury assessed the punishment at two years in the county jail and a $300 fine, and recommended probation, which the court granted.

The record reflects that the appellant left the V. F. W. Hall in Irving shortly after midnight on January 5, 1969. At 1:20 a. m., Officer Thomas Teague of the Irving Police Department observed the appellant driving along Belt Line Road and noticed that he was weaving from one side of the road to the other. Officer Teague stopped the appellant. Teague testified that the appellant fumbled through his billfold and had difficulty finding his driver's license; that there was a strong odor of liquor in the car; that the appellant consented to a roadside coordination test and could not walk straight; and that he found two liquor bottles in the front seat of appellant's car. The record further reflects that the appellant had difficulty getting out of the police car.

The appellant testified that the glass and bottles were from New Year's Eve, that his power steering was defective, causing him difficulty in controlling the vehicle, and that an old knee injury and handcuffs made him awkward and unsteady while getting in and out of the police car.

The appellant alleges three points of error, which deal with either the voir dire examination of prospective jurors or the final arguments. Neither was requested to be recorded by the court reporter. Appellant attempted to preserve the grounds of error as provided for in Art. 40.09, Vernon's Ann.C.C.P. Appellant's proffered bills of exception were refused by the court. Following such refusal, no bystander's bill was filed by appellant.

Article 40.09, par. 6(a) provides as follows:

"(a) A party desiring to have the record disclose some action, testimony, evidence, proceeding, objection, exception or other event or occurence not otherwise shown by the record may utilize a bill of exception for this purpose. * * * The court shall either approve the bill without qualification or shall approve it subject to qualification or refuse it, setting forth in the qualification or refusal any reasons that may seem proper to the judge. Notice of the court's action in qualifying or refusing a bill

shall be immediately given by the clerk to the party filing the bill or to his counsel, and such party, if unwilling to accept the court's qualification or refusal, may not later than fifteen days after receipt of such notice, file a by-stander's bill of exception, and the clerk shall include same in the record."

Since the appellant filed no bystander's bill of exception, nothing is presented for this Court to review. Alexander v. State, Tex.Cr.App., 402 S.W.2d 170; Henderson v. State, Tex.Cr.App., 402 S.W.2d 180.

The appellant contends that the court's bills of exceptions do not vitiate his points of error because they are inconsistent and based on law, not facts. However, when a defendant is dissatisfied with a court's reasons for not approving his formal bills of exception, the defendant must, within 15 days after refusal of the bills of exception, resort to bystander's bills. Wortham v. State, 169 Tex.Cr.R. 164, 333 S.W.2d 158.

The record shows that all of the appellant's bills of exception were refused by the court, and none of his points are properly in the record for review.

There being nothing for this Court to review, the judgment is affirmed.