**Ex parte Paul Russell CRAIN.**

**No. 45887.**

Court of Criminal Appeals of Texas.

June 28, 1972.

Rehearing Denied Oct. 11, 1972.

Will Gray, Houston, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Petitioner was convicted of murder with malice aforethought and his punishment was assessed at death. On appeal, this Court affirmed the conviction on October 7, 1964. Crain v. State, 394 S.W.2d 165 (Tex.Cr.App.1964) cert. denied, 382 U.S. 853, 86 S.Ct. 101, 15 L.Ed.2d 91 (1965). Petitioner was thereafter sentenced to death, sentence not having been passed prior to the disposition of petitioner's appeal, pursuant to Art. 42.04, Vernon's Ann.C.C.P. (Art. 769, V.A.C.C.P.1925). Subsequently, petitioner made application for writ of habeas corpus, the application being denied by this Court without written opinion on September 10, 1969 (Ex parte Crain, No. 1747). The United States Supreme Court then granted certiorari and on June 28, 1971, ordered that "[T]he judg-ment of the . . . Court of Criminal Appeals, insofar as it imposes the death sentence, be reversed, and that this cause be remanded to the Court of Criminal Appeals of the State of Texas for further proceedings." Crain v. Beto, 403 U.S. 947, 91 S.Ct. 2286, 29 L.Ed.2d 857 (1971).

On December 28, 1971, the Honorable Preston Smith, Governor of the State of Texas, acting upon the recommendation of the Board of Pardons and Paroles, granted petitioner a commutation of sentence, from death to life imprisonment.

The question now before the Court is the disposition to be made of the case at this point. Despite its language of reversal ("insofar as it imposes the death sentence"), we construe the order of the Supreme Court as reversing our denial of petitioner's application for writ of habeas corpus. That being the case, we are of the opinion that the proper course for this Court to follow is to again deny the application. The judgment of affirmance (Crain v. State, supra) is not affected by the Supreme Court's order, it being part of another proceeding. Likewise, the judgment of the trial court and the sentence are not affected. Therefore, the Governor's commutation is unquestionably valid and the question which was before the Court in Whan v. State, Tex.Cr.App., 485 S.W.2d 275, this day decided, is not present in the instant case.

As we construe the order, the Supreme Court reversed this Court's denial of the application for writ of habeas corpus only insofar as the denial acted to prohibit petitioner's discharge from custody on the ground that the death penalty was unlawfully imposed. Since the Governor's commutation was granted in the interim, the basis for the Supreme Court's reversal of our denial of the application no longer exists. Therefore, we need not grant any further relief.

The application for writ of habeas corpus is denied.

DOUGLAS, J., not participating.

ONION, Presiding Judge (dissenting).

I can only interpret the action of the Supreme Court as setting aside the death penalty imposed in this cause. There being no penalty in the case at the time of the commutation, there was nothing for the Governor to commute. I dissent for the same reasons set forth in my dissenting opinion in Whan v. State, 485 S.W.2d 275 (Tex.Cr.App.), this date decided.