## GOLDIE MAE HALL V. STATE.

No. 25098. January 17, 1951.

*John L. Sandstedt,* Bryan, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was convicted of murder with malice and given a term of 20 years in the penitentiary. She appeals.

The facts show that appellant killed Virgie Mae McCoy by stabbing her with a knife. The testimony shows a crowd of Negroes at a beer hall until closing time, and evidently some talk relative to the deceased and the appellant's husband. Appellant seemed to have been possessed of a knife, an "East Dallas Special," and as the parties were leaving the beer hall, preparatory to its closing, appellant stabbed the deceased one time in or near the heart from which wound she died immediately.

Appellant claimed self-defense, and such defense was submitted to the jury under appropriate instructions and evidently given no credence by them.

There is but one bill of exceptions in the record, and it is based upon the remarks of the state's attorney, wherein, in the final address to the jury, he said: "If you expect to stop these negro killings, you must give a stiff penalty in cases like this." This remark was objected to and such objection was sustained by the careful trial court, who instructed the state's attorney to confine his remarks to the supression of crime, as shown in the charge, and no request was made to withdraw such statement from the jury. At appellant's request, the trial court did embody in his charge Article 2, Vernon's P.C., that "the object of punishment is to suppress crime and reform the offender," and appellant's attorney argued before the jury that these were Negroes and so was the defendant. Appellant's attorney attemps to link this objected to argument with another Negro killing which was evidently tried a short time prior to this one and on which prior jury one, J. D. Williams, served as a juror, he also serving as a juror in this case. Mr. Williams was placed on the witness stand in the hearing of the motion for a new trial and testified that he served as a juror in this case and also as a juror in another trial, namely, that of Willie Porter, but gave no further data as to the Porter case. The witness also testified that he did not recall any statement made to this jury relative to the way to stop Negro killings being to give a stiff penalty in cases like this. However, had such been made, it would not have influenced him in the least in rendering his verdict as a juror. We think the bill evidences no error.

The judgment will therefore be affirmed.