Melvin Anthony CANE, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–83–211–CR.

Court of Appeals of Texas, Beaumont.

Aug. 23, 1984.

Rehearing Denied Sept. 19, 1984.

Petition for Discretionary Review Granted May 1, 1985.

Harold J. Laine, Jr., Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

DIES, Chief Justice.

Appellant pled guilty to a jury of aggravated kidnapping. The jury assessed punishment at twenty years in the Texas Department of Corrections. Appellant has perfected appeal to this Court.

Appellant's first four grounds of error are grouped in his brief; they complain of that portion of the court's charge entitled "Objectives of Law". That portion of the court's charge follows:

"OBJECTIVES OF LAW:

"In arriving at your verdict, you should consider the following objectives of our criminal law:

"(1) To insure the public safety through:

"(A) The deterrent influence of the penalties provided:

"(B) The rehabilitation of those convicted, and;

"(C) Punishment as may be necessary to prevent likely reoccurrence of criminal behavior.

"(2) To give fair warning of what is prohibited and of the consequences of violation.

"(3) To prescribe penalties that are proportionate to the seriousness of the offense and that permits recognition of differences in rehabilitation possibilities among individual offenders."

The trial judge commented, " [T]he particular charge is in compliance with 1.02 of the Penal Code of Texas." [1]

Appellant properly objected to the inclusion of this language in the court's charge.

In *Hart v. State*, 634 S.W.2d 714, 716 (Tex.Crim.App.1982), we find:

"It has been generally held that a charge on the objectives of the penal code is improper." (authorities omitted)

On the authority of this case, we sustain these grounds of error, reverse the judgment of the trial court, and remand this case for a new trial.

Reversed and remanded.

---

1. We herewith set forth *TEX. PENAL CODE ANN. sec. 1.02* (Vernon 1974):

"Sec. 1.02. Objectives of Code

"The general purposes of this code are to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusably causes or threatens harm to those individual or public interests for which state protection is appropriate. To this end, the provisions of this code are intended, and shall be construed, to achieve the following objectives:

"(1) to insure the public safety through:

"(A) the deterrent influence of the penalties hereinafter provided;

"(B) the rehabilitation of those convicted of violations of this code; and

"(C) such punishment as may be necessary to prevent likely recurrence of criminal behavior;

"(2) by definition and grading of offenses to give fair warning of what is prohibited and of the consequences of violation;

"(3) to prescribe penalties that are proportionate to the seriousness of offenses and that permit recognition of differences in rehabilitation possibilities among individual offenders;

"(4) to safeguard conduct that is without guilt from condemnation as criminal;

"(5) to guide and limit the exercise of official discretion in law enforcement to prevent arbitrary or oppressive treatment of persons accused or convicted of offenses; and

"(6) to define the scope of state interest in law enforcement against specific offenses and to systematize the exercise of state criminal jurisdiction."