Roy Wayne **WILSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

**No. 09-83-149 CR.**

Court of Appeals of Texas, Beaumont.

Sept. 19, 1984.

Harold J. Laine, Jr., Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

The appellant was charged by indictment with delivery of a controlled substance and by an enhancement paragraph with a prior final conviction of felony possession of marihuana. His plea was not guilty. The jury found appellant guilty of the primary offense. The enhancement paragraph was responded to with a plea of "true" made in open court by the attorney of record for the defense. The jury fixed punishment at twelve years confinement.

At the punishment stage the State introduced documentary evidence Exhibits 4, 5 and 6 showing that the appellant was (1) finally convicted on March 3, 1976, of the offense of felony possession of marihuana in Cause No. 32,907; (2) that he was finally convicted in Cause No. 32,734 on March 3, 1976, of felony possession of marihuana; and (3) he was finally convicted on March 3, 1983, for the misdemeanor crime of possession of pentazocine and talwin in Cause No. 98,241 in the County Court at Law of Jefferson County. The State rested after the documentary evidence was admitted without objection. The defense offered nothing.

The record is somewhat unclear and to a degree unsatisfactory. It shows that when the trial court handed the charge on the punishment phase of the trial to the attorneys, neither the State nor the defense made any objection at that time. The attorney for the appellant at trial stated to

the court that *"he may have an objection in the morning"*. The court allowed this and recessed until 10:00 o'clock the following morning. The next day the court immediately started reading the charge to the jury at 10:00 a.m. In the record there were *no objections made at that time by the appellant.*

Afterwards, there was a change in the attorney of record for the appellant. The new attorney then requested a hearing to enter the omitted objections into the record. A hearing was held by the trial judge September 6, 1983, about five months after the verdict was returned. The new attorney argued that the appellant's trial attorney had already objected to the inclusion of the portion of the punishment charge entitled "Objectives of Law". The attorney further stated to the court:

"[Y]ou had, as you normally do, overruled him and there was an agreement that he could include it—his objection would be included. Then the trial came to a conclusion. I was appointed. I tried to get—*there was a little bit of a communication mix up. I did drop off the objection that would normally have been included at that time, whereupon it was lost.*

THE COURT: Was that not a written objection? The same one Mr. Sekaly has showed me?

MR. LAINE: Yes, Your Honor, that's it.

THE COURT: I appreciate Mr. Fisher's [assistant district attorney] concern it not being in the Record, but as I recall, it— and Mr. Sekaly is not here. Who was the prosecutor? As I recall—I would make this for the purposes of the bill to let the Record speak the truth. Mr. Sekaly did hand me a written objection to that page of the charge and I indicated to him that it would be included in the Record *and somehow or another that was not done.* It was overruled. He did object to it. He did object to it in writing *and that page apparently is missing somewhere or another.* That occurred in Chambers and we intended *to put it on the Record and never did.* Is that

not what you remember happened? That's my recollection of what happened.

MR. LAINE: That's my understanding. *And Exhibit-A is a copy of that written objection* and we would like to have it included. The only part that is not filled in is the page of the—

THE COURT: Well, is that the objection which was, in fact, made?

MR. LAINE: That's the *typed version.* It was handwritten." (Emphasis added)

We find no Exhibit A said to contain the objections in the record but we do find an informal motion for leave to supplement the record on appeal. Attached to the motion is Exhibit B which bears no style or number and is not certified to by the court reporter or by the court or agreed to by the State. It may be a typed version of another exhibit that was handwritten and lost. We think it is fair to say that we cannot know from this record exactly what the appellant's original objections were.

■ Although the trial dockets are extremely heavy and without criticism toward anyone, we think it is salutary to have the official objections to the court's charge certified by an officer of the court.

■ Nevertheless, out of abundance of precaution we have carefully considered Exhibit B and we feel that the objections are without merit. We do think, however, that it would have been preferable for the trial judge, when he gave the "Objectives of Law", to have set forth in its entirety *TEX. PENAL CODE ANN. sec. 1.02* (Vernon 1974) as follows:

"Sec. 1.02. Objectives of Code

The general purposes of this code are to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusably causes or threatens harm to those individual or public interests for which state protection is appropriate. To this end, the provisions of this code are intended, and shall be construed, to achieve the following objectives:

(1) to insure the public safety through:

(A) the deterrent influence of the penalties hereinafter provided;

(B) the rehabilitation of those convicted of violations of this code; and

(C) such punishment as may be necessary to prevent likely recurrence of criminal behavior;

(2) by definition and grading of offenses to give fair warning of what is prohibited and of the consequences of violation;

(3) to prescribe penalties that are proportionate to the seriousness of offenses and that permit recognition of differences in rehabilitation possibilities among individual offenders;

(4) to safeguard conduct that is without guilt from condemnation as criminal;

(5) to guide and limit the exercise of official discretion in law enforcement to prevent arbitrary or oppressive treatment of persons accused or convicted of offenses; and

(6) to define the scope of state interest in law enforcement against specific offenses and to systematize the exercise of state criminal jurisdiction."

The trial judge charged as follows:

"OBJECTIVES OF LAW:

In arriving at your verdict, you should consider the following objectives of our criminal law:

(1) To insure the public safety through:

(A) The deterrent influence of the penalties [sic] provided:

(B) The rehabilitation of those convicted, and;

(C) Punishment as may be necessary to prevent likely reoccurence of criminal behavior.

(2) To give fair warning of what is prohibited and of the consequences of violation.

(3) To prescribe penalties that are proportionate to the seriousness of the offense and that permits recognition of differences in rehabilitation possibilities among individual offenders."

■ We note that the "Objectives of Code" should also be to safeguard conduct that is without guilt from condemnation as criminal; and to guide and limit the exercise of official discretion in law enforcement to prevent arbitrary or oppressive treatment of persons accused or convicted of offenses. "Objectives of Code" are also to define the scope of the state interest in law enforcement against specific offenses and to systematize the exercise of state criminal jurisdiction. These crucial objectives were omitted. The inclusion of the last three paragraphs of *Section 1.02* would make the charge more balanced. We believe the better practice would be that, if the trial judge is going to charge on the "Objectives of Code", he *charge on all of them and not just part of them.*

The appellant complains on appeal of four grounds of error all of which attack the court's charge on "Objectives of Law". The grounds of error are: (1) that his objections were overruled; (2) that part of the charge amounted to a comment on the weight of the evidence; (3) that it amounted to a failure to apply the law to the facts; and (4) that it amounted to a direction by the court to the jury to consider facts and circumstances not in evidence and outside the record.

■ Grounds of error two, three, and four have no application and are not relevant. They are disallowed. We do not think the charge as given on "Objectives of Law" was an expression of the opinion of the judge as to the weight of the evidence or the summing up of the testimony or discussion of the facts or of using an argument in his charge calculated to arouse the sympathy or excite the passions of the jury. Hence, we find no reversible error.

We do not interpret ground of error one to be an objection that only part of *Section 1.02* was given, omitting the last three paragraphs which, we think, are arguably favorable to the appellant. We do not find merit in error one that parts of *Section 1.02* "Objectives of Code" were deleted in a calculated manner as to be reasonably considered unfavorable to the appellant.

*TEX.CODE CRIM.PROC.ANN. art. 36.14* (Vernon Supp.1984) provides in part:

"The requirement that the objections to the court's charge be in writing will be complied with *if the objections are dictated to the court reporter in the presence of the court and the state's counsel, before the reading of the court's charge to the jury.*" (Emphasis added)

*Article 36.14,* in relevant part, provides that appellant's objections distinctly specify each ground of objection. This article was not complied with. If there were some prior objections in handwriting, they are not in the record.

*TEX.CODE CRIM.PROC.ANN. art. 36.19* (Vernon 1981) provides in pertinent part:

"Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14 ... has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. *All objections to the charge* and to the refusal of special charges *shall be made at the time of the trial.*" (Emphasis added)

We find under this record that *Article 36.19* was not complied with.

We hold that the burden under this record is upon the appellant to show that the charge was calculated to injure his rights and that he did not have a fair and impartial trial.

The objections, if any, to the charge are irregular and informal. They were filed with us by motion without any certificate on October 26, 1983, six months after the judgment and sentence had been entered. It is an undue burden to require the trial court to remember in detail any verbal objections not included in the record.

We perceive that the enhancement paragraph and State's exhibits of prior criminal records bring *TEX.CODE CRIM.PROC. ANN. art. 37.07, sec. 3(b)* (Vernon 1981), into play:

"After the introduction of such evidence has been concluded, and if the jury has the responsibility of assessing the punishment, the court shall give such additional written instructions as may be necessary and the order of procedure and the rules governing the conduct of the trial shall be the same as are applicable on the issue of guilt or innocence."

In view of the prior record of this appellant and the verdict of the jury, we hold that no harm has been demonstrated by appellant. Finding no harmful reversible assigned error under the grounds of error presented to us, we affirm the judgment and sentence below.

AFFIRMED.

DIES, Chief Justice, concurring.

I concur with the results of this opinion because a proper objection was not lodged against the "Objectives of Law". However, it is my belief that neither *TEX. PENAL CODE ANN. sec. 1.02* (Vernon 1974), "Objectives of Code", nor the "Objectives of Law" as given by the court has any place in the court's charge. *See Hart v. State,* 634 S.W.2d 714 (Tex.Crim.App. 1982).