**Melvin Anthony CANE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–83–211 CR.**

Court of Appeals of Texas, Beaumont.

Nov. 7, 1985.

Rehearing Denied Nov. 27, 1985.

Harold J. Laine, Jr., Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

PER CURIAM.

Appellant was convicted of aggravated kidnapping, and subsequently perfected appeal to this court. We reversed the conviction in a published opinion. *Cane v. State,* 698 S.W.2d 366 (Tex.App.—Beaumont 1984). We reversed because the court included in its charge to the jury "Objectives of Law" which were a portion but not all of the preamble to the Penal Code contained in *TEX.PENAL CODE ANN. sec. 1.02* (Vernon 1974). The State then perfected appeal to the Court of Criminal Appeals in which a majority held that we erred and that it was discretionary on the part of the trial judge.

*Subsections (4), (5), and (6)* of the preamble (Sec. 1.02) were not included in the Court's "Objectives of Law." The Court of Criminal Appeals held that appellant's objection in the trial court to the court's "Objectives of Law" did not suffice to preserve an objection to the trial court's failure to include *subsections (4), (5), and (6)* of the preamble (Sec. 1.02), and remanded the case to this Court to determine under the rule of *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1985), if the error is egregious.

We take it that it is proper for a trial judge to include the preamble of an act in his charge but that it is advisable to use all of the preamble and not edit it. However, if he uses only a portion of the preamble, it will be reversible only if the error is egregious.

We hold that the court's failure to include *subsections (4), (5), and (6)* of the preamble to the Penal Code (Sec. 1.02) in his "Objectives of Law" was not egregious. This addresses appellant's first four grounds of error which are, therefore, overruled.

Appellant's remaining grounds of error are all grouped together in his brief and concern responses by the trial court to jury communications. Appellant cites no authority for these grounds of error. We find them to be without merit and, thus, overrule them.

The judgment of the trial court is affirmed.