**Jackie Dale TEAGUE AKA Jack Dale Teague, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 150–85.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 29, 1986.

cated.

Donald L. Boudreaux (Court appointed), Beaumont, for appellant.

James S. McGrath, Dist. Atty., and R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

The appellant was convicted of aggravated robbery. The jury, finding the allegations of one of the prior felony convictions to be true, assessed punishment at life imprisonment in the Department of Corrections.

On appeal the appellant complained, inter alia, in his twelfth ground of error that the trial court in the jury charge at the penalty stage of the trial denied him a fair and impartial jury by placing in such charge the "objectives" of the law. The conviction was affirmed in an unpublished opinion by the Beaumont Court of Appeals. *Teague v. State* (No. 09–83–187 CR, Dec. 19, 1984). In its opinion that court wrote:

"We find no reversible error in appellant's tenth, eleventh and twelfth grounds of error. They are overruled."

We granted appellant's petition for discretionary review to determine the correctness of the Court of Appeals' opinion on the twelfth ground of error.

The charge to the jury at the penalty stage of the trial read in part:

### "OBJECTIVES OF LAW

"In arriving at your verdict, *you should consider* the following objectives of our criminal law:

"(1) To insure public safety through:

"(A) The deterrent influence of the penalties provided:

"(B) The rehabilitation of those convicted, and;

"(C) Punishment as may be necessary to prevent likely reoccurrence of criminal behavior.

"(2) To give fair warning of what is prohibited and of the consequences of violation.

"(3) To prescribe penalties that are proportional to the seriousness of the offense and that permits recognition of differences in rehabilitation possibilities

among individual offenders." (Emphasis supplied.)

Appellant objected to said charge through his counsel as follows:

"MR. BOUDREAUX: Yes, sir. Your Honor, the Defendant objects to Page Four of the Charge, wherein it is stated Objectives of the Law, for the reason that the proposed Charge containing the Objectives of the Law serves the purpose, only of information of the jury— serves the purpose of advising and instructing the jury to consider matters outside of the range of testimony, which has been adduced before this Court, in that, it calls their attention to consider extraneous matters, all other matters that have not been presented before the Court.

"Throughout the entire trial, the Court—everyone has told the jury to consider only the matters that are testified to and matters presented from the witness stand.

This proposed instruction puts various and sundry matters before their attention, directing them to insure the public safety through the deterrent influence of the penalties provided, rehabilitation of those convicted, which shows—uh—and gets into matters, in the Defendant's opinion, relating to parole and length of sentence to be served, punishment as may be necessary to prevent likely recurrence of criminal behavior, certainly goes greatly beyond the scope of the evidence presented, and presents and instructs the jury to consider other crimes and other criminal matters of that order.

"For the reasons cited herein, the Defendant objects to the proposed instruction, and asks that same be deleted.

"THE COURT: The objection is overruled. The request is denied. The instruction is in accordance with 1.02 of the Penal Code of Texas.

"Call in the jurors."

In his brief before the Court of Appeals the appellant argued without citation of authority that the trial court incompletely charged the jurors on the objectives of the Penal Code by instructing them only on § 1.02(1)(2) and (3) and omitting subdivisions or subsections (4) and (5) of § 1.02.[1] He did not mention subdivision or subsection (6).[2]

In its response on appeal the State argued that the objection at trial was different than that urged on appeal and nothing was presented for review citing 26 Tex.Jur.

---

1. V.T.C.A., Penal Code, § 1.02, reads as follows:

   "The general purposes of this code are to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusably causes or threatens harm to those individual or public interests for which state protection is appropriate. To this end, the provisions of this code are intended, and shall be construed, to achieve the following objectives:

   "(1) to insure the public safety through:
   "(A) the deterrent influence of the penalties hereinafter provided;
   "(B) the rehabilitation of those convicted of violations of this code; and
   "(C) such punishment as may be necessary to prevent likely recurrence of criminal behavior;
   "(2) by definition and grading of offenses to give fair warning of what is prohibited and of the consequences of violation;
   "(3) to prescribe penalties that are proportionate to the seriousness of offenses and that permit recognition of differences in rehabilitation possibilities among individual offenders;

   "(4) to safeguard conduct that is without guilt from condemnation as criminal;
   "(5) to guide and limit the exercise of official discretion in law enforcement to prevent arbitrary or oppressive treatment of persons accused or convicted of offenses; and
   "(6) to define the scope of state interest in law enforcement against specific offenses and to systematize the exercise of state criminal jurisdiction."

2. This omission may have been intentional. The Practice Commentary to § 1.02 (Searcy and Patterson) provides in part:

   "Subdivision (6) appears out of place in a *state* penal code. It was copied from the proposed federal code, which deals elaborately, as it must in our federal system, with the federal government's criminal jurisdiction. The political subdivisions of this state with (limited) power to create offenses are not sovereign, however, whereas the state's power to define offenses is plenary (see the commentary on Section 1.08)." See footnote #2 for the wording of subdivision (6) of § 1.02.

3rd, Criminal Law, § 3918. The State pointed out that the objection at trial was that the charge permitted the jury to consider matters outside the range of punishment and that on appeal appellant does not complain of giving the "objectives" of the Penal Code to the jury in the charge, but only urges it was an incomplete listing. This the State urged is an entirely different matter than that raised in the trial court.

As earlier noted, the Court of Appeals rejected appellant's ground of error without any reasoning.

In *Hall v. State,* 235 S.W.2d 638 (Tex.Cr. App.1951), the defendant was convicted of murder and assessed 20 years' imprisonment by the jury. She submitted one bill of exception on appeal. Complaint was made of the closing jury argument of the prosecutor: "If you expect to stop these Negro killings, you must give a stiff penalty in cases like this." All the parties were Negroes. The trial judge sustained the objection and instructed the prosecutor to confine his remarks to the suppression of crime as shown in the charge. No request to disregard the argument was made. In finding no error in the bill of exception the court observed "At appellant's request the trial court did embody in his charge Article 2, Vernon's P.C., that 'The object of punishment is to suppress crime and reform the offender,' ...."

The decision in *Hall* turned on the circumstances of the argument and did not involve the propriety of giving a charge under Article 2, V.A.P.C. (1925), at the request of the defendant.

In *White v. State,* 306 S.W.2d 903 (Tex. Cr.App.1957), and *Crain v. State,* 394 S.W.2d 165 (Tex.Cr.App.1965), no error was found under the former Penal Code in refusing the defendant's request to include in the charge the provisions of former Article 2 on the "objectives" of the code. At such time the unitary trial procedure was in effect and this Court said to give the charge as requested by the defendant

would be a comment on the weight of the evidence and would convey to the jury the court's opinion of the case.

In *Hart v. State,* 634 S.W.2d 714, 716 (Tex.Cr.App.1982), this Court held the trial court did not abuse its discretion in refusing the defendant's request to charge at the penalty stage of the bifurcated trial on the objectives of the current Penal Code. See V.T.C.A., Penal Code, § 1.02. *White* and *Crain* were cited for the proposition that such a charge was improper.

In *Wilson v. State,* 680 S.W.2d 539 (Tex. App.-Beaumont 1984) (no pet. for review history), the Beaumont Court of Appeals dealt with the same charge as given in the instant case by the same trial judge. There the court found no proper objection to the charge in the record and no compliance with Article 36.14, V.A.C.C.P. The court did observe that it is preferable, if the court gives a charge on the objectives of the Penal Code, to set forth § 1.02 in its entirety.[3] The court did not think the charge as given, however, in *Wilson* (the same as in the instant case) was an expression of the opinion of the judge as to the weight of the evidence or the summing up of the testimony or the discussion of the facts or of using an argument in his charge calculated to arouse the sympathy or excite the passions of the jury, or that reversible error was presented. Chief Justice Dies concurred because of a lack of proper objection, but did not believe § 1.02 should be given in the court's charge.

In *Cane v. State,* 698 S.W.2d 138 (Tex. Cr.App.1985), this Court with three judges concurring, three judges dissenting, and one judge not participating, reversed the Beaumont Court of Appeals' decision in *Cane v. State,* 698 S.W.2d 366 (Tex.App.-Beaumont 1984). The Court of Appeals had held that the trial court erred in charging the jury on the objectives of the Penal Code contained in § 1.02, citing *Hart.*

The opinion of this Court in *Cane* overruled *Hart, White* and *Crain,*[4] holding that

---

3. See and compare, however, footnote # 1, supra.

4. The Court wrote: "We find no logic in the proposition that such an instruction would con-

a trial court in its discretion may give instructions on the objectives of the Penal Code contained in § 1.02. However, the opinion made clear that when the court chooses to give such jury instructions it should instruct on all of the statutory objectives, and not merely on some of them.

The charge given in *Cane* was the same as given in *Wilson* and the instant case and given by the same trial judge. The opinion of this Court found such charge erroneous as it was an inaccurate statement of *all* of the objectives in § 1.02. Since Cane had failed to object to the exclusion of subsections (4), (5) and (6) of § 1.02, and complained only of any submission of § 1.02, the court found reason to reverse on that basis.

*Cane* was remanded to the Court of Appeals to determine if there was fundamental error in the charge under *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985), even though there was no claim of fundamental error. In *Cane v. State*, 700 S.W.2d 26 (Tex.App.-Beaumont 1985), the Court of Appeals found the omission of subsections (4), (5) and (6) of § 1.02 not to be egregious error in light of the *Almanza* standard.

As can be observed, this Court badly split in *Cane* (698 S.W.2d 138) with only two judges agreeing to the opinion, three judges concurring in the result reached, three judges dissenting, and one not participating. The opinion indicates that all subsections of § 1.02 should be given in the charge, but nothing was said about that part of § 1.02 which precedes the subsections. See footnote # 2.

■ Turning to the instant case, we conclude that the objection offered to the charge at trial is not the same complaint urged on appeal and presents nothing for review. *Watkins v. State*, 572 S.W.2d 339 (Tex.Cr.App.1978); *Daniels v. State*, 600 S.W.2d 813 (Tex.Cr.App.1980); *Smith v. State*, 676 S.W.2d 379 (Tex.Cr.App.1984); *Green v. State*, 682 S.W.2d 271 (Tex.Cr.App.1984); *Beck v. State*, 682 S.W.2d 550 (Tex.Cr.App.1985).

In *Almanza*, supra at p. 171, in the opinion on State's Motion for Rehearing, this Court wrote:

"After researching Texas statutory and decisional law from 1857 forward, we have concluded that Article 36.19 [V.A.C.C.P.] actually separately contains the standards for *both* fundamental error and ordinary reversible error. If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is 'calculated to injure the rights of defendant,' which means no more than that there must be *some* harm to the accused from the error. In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless.

"On the other hand, if no proper objection was made at trial and the accused must claim that the error was 'fundamental,' he will obtain a reversal only if the error is so egregious and created such harm that he 'has not had a fair and impartial trial'—in short, 'egregious harm.'

"In both situations the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant

stitute a comment on the weight of the evidence or invite the jury to speculate on matters out of the evidence."

No consideration was apparently given to the fact that *White* and *Crain* were decided under the former Code of Criminal Procedure where in a unitary trial procedure the issues of guilt and punishment were submitted to the jury at the same time. The jury was not to reach the issue of punishment until the defendant had been found guilty beyond a reasonable doubt.

If a trial judge had at that time instructed the jury that "You *should* consider the objectives of the criminal law as to punishment, etc...." as was done in the instant case, it could well have conveyed to the jury the judge's opinion that the defendant should be found guilty and would have been a comment on the weight of the evidence. No one should rush to label previous reasoning illogical without considering all of the circumstances and laws in effect at the time.

information revealed by the record of the trial as a whole."

■ Since appellant does not urge on appeal the same objection as offered to the charge at trial, nothing is presented for review regardless of whether a charge under § 1.02 is considered proper or not. Left only is the question of "fundamental" error. The charge here given only on a portion of § 1.02 was erroneous even under *Cane* (698 S.W.2d 138) though not objected to on that ground. Although it is not clear that appellant is claiming fundamental error, we have examined the entire record in light of *Almanza*. Frequently in the voir dire examination of the jury panel, punishment, rehabilitation, deterrence, and "objectives of the code" are often mentioned. The voir dire examination in the instant case was not reported by the court reporter. We have no way to determine if the objectives of the code were mentioned during voir dire examination. The error, if any, was in the jury instructions at the penalty stage of the bifurcated trial. We have examined that charge and the jury argument which followed the reading of the charge. Neither party referred to the particular instructions in argument to the jury though appellant's counsel did refer to the hope of rehabilitation for the appellant. The prosecutor waived his opening argument and in closing called the jury's attention to the fact the instant conviction was appellant's tenth felony conviction, reiterated some of the facts upon the jury had convicted for aggravated robbery, and recommended life imprisonment.

1. All emphasis is mine throughout unless otherwise indicated.

2. The opinion of the Court does demonstrate frailties of the lead opinion of two judges in *Cane*. There is more to it than that, however; the lead opinion is unsound internally in that it twists charge rules that govern "distinctly setting forth the law" in order to fit them on "statements of the legislature as to its objectives," as pertinent excerpts from its rationale reveal, *viz:*

"Texas law requires that the trial judge charge the jury with the 'law applicable to the case.' Art. 36.14, V.A.C.C.P. ... Some law is

We cannot conclude in light of the record that any error in the charge was so egregiously harmful that appellant was deprived of a fair and impartial trial.

The judgment of the Court of Appeals is affirmed.

CAMPBELL, J., concurs in the result reached.

TEAGUE, J., dissents based on the dissenting opinion he filed in *Cane,* supra.

CLINTON, Judge, dissenting.

Believing that on discretionary review this Court should not concern itself with such trivial matters, particularly when there is no indication that it formed any part of the reason for decision of a court of appeals to overrule the ground of error, but nevertheless being of the view a claim (as identified in the majority opinion) that the trial court denied him a fair and impartial jury by including "Objectives of Law" in its penalty charge is consonant enough with his trial objections to present the issue for appellate consideration, on the basis of my dissenting opinion in *Cane v. State,* 698 S.W.2d 138, 141 (Tex.Cr.App.1985), I would reject this kind of jury tampering, reverse the judgment of the Beaumont Court of Appeals and of the trial court and remand this cause for a new trial by a jury that is "give[n] such written instructions as may be *necessary"*[1] for it to discharge its own "responsibility of assessing punishment," Article 37.07, § 3(b), V.A.C.C.P.[2]

I respectfully dissent.

TEAGUE, J., joins.

*required* to be submitted ... while other law is submitted at the *discretion* of the trial judge, *York v. State,* 566 S.W.2d 936 (Tex.Cr. App.1978) (admonitory instructions given at discretion of trial court). [emphasis in *Cane*]
* * *

"The objectives of the Penal Code ... in § 1.02, supra, are the clear *statements of the legislature as to its objectives* in formulating a set of law governs criminal conduct. As such, those objectives *arguably* could be considered *relevant* to the disposition of any criminal case. An instruction on those *objectives*.... would be discretionary BECAUSE *it does not involve the law applicable to the facts of the*

---

*case.* The instruction is simply *informational ...*" *Cane,* at 140. Note that in finding failure to give such an instruction is not error of any kind, *York,* supra, stated: "The giving of admonitory instructions by the trial court, '*in order to guard against jury misconduct* [described in Article 40.03(3), V.A.C.C.P.],' is within the sound discretion of the court." *Id.,* at 938.

While the opinion of the Court criticizes the leading opinion in *Cane,* still the majority now

accepts its analysis and conclusion that failing to instruct a jury to consider all (or perhaps just most) "objectives of law" over proper objection may be reversible error, and without objection may be fundamental error. The notion seems to be that once a trial judge decides to exercise discretion to introduce the subject to a jury, *ipso facto* the judge loses discretion to determine content of that instruction. Effectuating that notion is to compound *Cane's* initial assault on reason.