William Leroy **HARVEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–89–266 CR.

Court of Appeals of Texas, Beaumont.

Oct. 10, 1990.

Rehearing Denied Nov. 1, 1990.

Bruce Neill Smith, Beaumont, for appellant.

Stephen C. Howard, Orange County Dist. Atty., Orange, for the State.

## OPINION

BROOKSHIRE, Justice.

Appellant pleaded guilty to the felony offense of driving while intoxicated. The jury assessed punishment at five years imprisonment and a fine of $500. Appellant brings this appeal from the trial court's judgment.

Appellant's first point of error urges that the trial court erred in failing to allow Appellant's timely request to instruct the jury as follows:

[Y]ou are instructed that evidence of temporary insanity, if any, caused by intoxication may be considered by you as mitigation of penalties attached to the offense for which William Lee Harvey is being tried. You are instructed that intoxication means: Disturbance of mental or physical capacity resulting from the introduction of any substance into the body.

Appellant argues that he was entitled to this instruction under TEX.PENAL CODE ANN. sec. 8.04 (Vernon 1974), which provides:

### Intoxication

(a) Voluntary intoxication does not constitute a defense to the commission of crime.

(b) Evidence of temporary insanity caused by intoxication may be introduced by the actor in mitigation of the penalty attached to the offense for which he is being tried.

(c) When temporary insanity is relied upon as a defense and the evidence tends to show that such insanity was caused by intoxication, the court shall charge the jury in accordance with the provisions of this section.

(d) For purposes of this section "intoxication" means disturbance of mental or physical capacity resulting from the in-

troduction of any substance into the body.

In order to avail himself of the mitigation provision of section 8.04, there must be evidence that as a result of intoxication, he did not know that his conduct was wrong. *See Arnold v. State*, 742 S.W.2d 10 (Tex.Crim.App.1987). Appellant testified, in the punishment phase, that he did not know that his conduct was wrong as a result of his intoxication at the time he committed the offense. The State argues that there was no evidence that Appellant did not know his conduct was wrong as a result of a mental disease or defect as that term is defined by TEX.PENAL CODE ANN. sec. 8.01 (Vernon Supp.1990). We have found no case construing section 8.04 which requires such evidence be introduced before a person is entitled to an instruction under section 8.04 in the punishment phase. We hold that the evidence was sufficient to require the submission of Appellant's requested instruction on mitigation of punishment due to temporary insanity caused by intoxication. Thus the trial court erred in refusing to submit the requested instruction.

Because Appellant preserved the error, we must determine whether the error caused him any actual harm. *See Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App. 1985). We must do so in light of the entire jury charge, the state of the evidence, including contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial. *See Arline v. State*, 721 S.W.2d 348 (Tex.Crim. App.1986).

The State introduced a videotape of Appellant made shortly after the present offense was committed. During their arguments to the jury, both parties emphasized the importance of the videotape. However, the record on appeal does not contain the videotape. Without the videotape this court is unable to properly determine whether Appellant suffered any actual harm due to the trial court's error complained of in point of error number one. The burden is on Appellant to see that a sufficient record is presented to show error requiring reversal. TEX.R.APP.P. 50(d). Furthermore, where an error in the court's charge is preserved, it is the Appellant's burden to show some actual harm resulted from the error. *See Mosley v. State*, 686 S.W.2d 180, 182 (Tex.Crim.App.1985); *see also Wilson v. State*, 680 S.W.2d 539, 543 (Tex.App.—Beaumont 1984, no pet.). Since we are unable to assess either the state of the evidence or the weight of the probative evidence as required by *Arline, supra*, Appellant's first point of error is overruled.

In his second point of error Appellant complains that the trial court erred in overruling his objection to a jury argument of the prosecutor referring to the expectations and demands of the community for a particular result in the case. Appellant states in his brief that the prosecutor told the jury that they had a duty to protect others and to remember the people in the community as they deliberated on the issue of punishment. Appellant asserts that such argument amounts to asking the jury to punish a defendant upon public sentiment. As authority, Appellant relies upon *Cortez v. State*, 683 S.W.2d 419 (Tex.Crim. App.1984).

Appellant's reliance upon *Cortez, supra,* is misplaced. The arguments condemned in *Cortez* are those calling for the jury to punish a defendant in a particular fashion, because of community sentiment or demands. In this case the prosecutor only asked the jury to remember its duty to protect the community and not to focus exclusively on the Appellant's difficult personal situation. This was, therefore, a proper plea for law enforcement. *See Brown v. State*, 508 S.W.2d 91 (Tex.Crim. App.1974). The trial court did not err in overruling Appellant's objection to this argument. Appellant's second point of error is overruled.

By his third point of error Appellant urges that the trial court erred in refusing to grant a mistrial after the State improperly admitted evidence of a prior unadjudicated offense. Appellant called his federal probation officer to testify. The probation

officer testified to the effect that Appellant was complying with the terms of his probation granted by a Federal District Court in connection with the theft of a table owned by the federal government. On cross-examination the prosecutor asked the witness whether there were some special condition of probation requiring Appellant to take care of "the problem he had in Travis County". At this point Appellant objected to the question and the jury was excused. A hearing was conducted before the court only. The court sustained Appellant's objection. After the jury returned to the courtroom, the trial court instructed the jury to disregard the prosecutor's last question, but refused Appellant's motion for a mistrial.

It is clear that no evidence of an unadjudicated offense was presented to the jury. Furthermore, the prosecutor's question in no way suggested that the problem in Travis County involved a criminal offense or misconduct by Appellant. Therefore, the trial court's instruction to disregard the question was more than sufficient to cure any possible error. *See Griffin v. State,* 614 S.W.2d 155, 160 (Tex.Crim.App.1981). Appellant's third point of error is overruled and the judgment of the trial court is affirmed.

AFFIRMED.